# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NOEL PADILLA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09 C 8068 |
| OFFICER JOHN BAILEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On October 26, 2010, Plaintiff Noel Padilla filed the present ten-count First Amended Complaint against Defendant Cook County Sheriff Thomas Dart, along with Defendant Cook County Correctional Officers Bailey, Galiardo, Martinez, Harris, Steadman, and Woodson, alleging claims of excessive force and failure to correct (Count I), First Amendment retaliation (Count II), First Amendment right to petition for redress (Count III), deliberate indifference to medical needs (Count IV), conspiracy to deprive him of his constitutional rights (Count V), and a claim pursuant to *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (Count VI) based on incidents that occurred in the Cook County Jail on March 15 and 16, 2009. *See* 42 U.S.C. § 1983. Padilla also alleges the state law claims of battery (Count VII), assault (Count VIII), willful and wanton conduct (Count IX), and indemnification (Count X) pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Before the Court is Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b). For the following reasons, the Court grants Defendants' motion and dismisses this lawsuit in its entirety.

## BACKGROUND

I.  **Northern District of Illinois Local Rule 56.1**

Because Padilla is a pro se litigant, Defendants served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2.[1]  The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Northern District of Illinois Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000).  "The Rule is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted).  Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).  "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)).  Also, Local Rule 56.1(b)(3)(C)

---

[1] Padilla was represented by counsel until February 10, 2011, at which time the Court granted counsels' motion for leave to withdraw their appearances on behalf of Padilla.  Since then, Padilla has been representing himself pro se.

requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). Therefore, the Court will not address the parties' legal and factual arguments made in their Rule 56.1 statements and responses. *See System Dev. Integration, LLC v. Computer Sciences Corp.,* 739 F.Supp.2d 1063, 1068 (N.D. Ill. 2010). Moreover, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. Also, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon,* 401 F.3d at 809-10.

Although courts must construe pro se pleadings liberally, *McGee v. Bartow,* 593 F.3d 556, 566-67 (7th Cir. 2010), a plaintiff's pro se status does not absolve him from complying with the federal and local procedural rules. *See Greer v. Board of Ed. of City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Because Padilla has failed to file a proper Rule 56.1(b)(3)(B) response to Defendants' Rule 56.1(a)(3) Statement of Facts, the Court deems Defendants' factual assertions

3

as admitted, as discussed immediately below. *See Rao v. BP Prods. N. Am., Inc.,* 589 F.3d 389, 393 (7th Cir. 2009); *see also Delapaz,* 634 F.3d at 899 ("the obligation set forth in Local Rule 56.1 'is not a mere formality.'") (citation omitted); *Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006) ("district courts are entitled to expect strict compliance with Local Rule 56.1.")

Padilla's Rule 56.1 Statement of Material Facts filed on June 9, 2011 is a combination of his Local Rule 56.1(b)(3) response and his own statement of additional facts pursuant to Local Rule 56.1(b)(3)(C). In addition, many of Padilla's responses and statements do not cite to evidence in the record, including ¶¶ 7, 8, 9, 12, 14, 16, 22, 23, 25, 26, 34, and 35. Also, Padilla admits many of Defendants' facts, but then adds additional information in his responses, including ¶¶ 5, 6, 11, 12, 14, 17, 18, 19, 25, 27, and 29. Padilla also makes factual and legal arguments in his responses, including ¶¶ 5, 6, 9, 17, 18, 19, 22, 23, 24, 25, 29, and 36. Finally, Padilla's responses to ¶¶ 19, 20, and 23 mischaracterize the evidence in the record. Because the majority of Padilla's Rule 56.1 statement is argumentative, not based on evidence in the record, and fails to follow the contours of Rule 56.1, the Court strikes his statements and responses as specified above. The Court also reminds the parties that district courts are not obliged to scour the record looking for facts to support their arguments. *See Cracco,* 559 F.3d at 632; *see also Estate of Moreland v. Dieter,* 395 F.3d 747, 759 (7th Cir. 2005) ("We will not scour a record to locate evidence supporting a party's legal argument.").

## II. Relevant Facts

On February 19, 2009, Padilla entered the Cook County Jail ("CCJ") after being charged with residential burglary. (R. 54, Defs.' Rule 56.1 Stmt. Facts. ¶ 1.) Upon entering the CCJ,

Padilla was placed in Division 11. (*Id*. ¶ 3.) Padilla saw Defendant Officer Bailey in Division 11 on March 15, 2009. (*Id*. ¶ 4.) In his First Amended Complaint, Padilla alleges that at that time, Officer Bailey recognized him from Padilla's prior civil rights lawsuit against the officer. *See Padilla v. Sisco, et al.,* 08 C 2271 (N.D. Ill. 2008). While in Division 11 on March 15, 2009, Padilla maintains that Officer Bailey threatened him because of the 2008 lawsuit. (*Id.* ¶¶ 28, 29.) Padilla also alleges that Officer Bailey spit on him. (R. 33, First Am. Compl. ¶ 21.)

Thereafter, Padilla was transferred to Division 6 of the CCJ on March 16, 2009. (*Id.* ¶ 11.) Upon arriving at Division 6, Padilla spoke to Defendant Officer Reed. (*Id*. ¶ 13.) The parties dispute whether Padilla refused to enter his cell, but at that time, Officer Reed let Padilla sit in the day room of Division 6 and then called for a supervisor on his radio. (*Id*. ¶ 14.) Officer Galiardo, Officer Martinez, and other officers responded to Officer Reed's call. (*Id*. ¶ 16.) After speaking to Officer Martinez, Padilla went into his cell without incident. (*Id*. ¶ 18.) Padilla, however, later filed a grievance alleging that the Defendant Officers beat him up for failing to go into his cell. (*Id*. ¶ 31.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167

L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

I. **Failure to Exhaust**

Defendants first argue that Padilla has failed to properly exhaust all available administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA") prior to bringing this federal lawsuit. *See* 42 U.S.C. § 1997e(a); *Hurst v. Hantke,* 634 F.3d 409, 412 (7th Cir. 2011). The PLRA's exhaustion requirement affords "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo,* 548 U.S. 81, 94, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Further, the PLRA "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id.*

Here, the record reflects that Padilla filed a grievance regarding the March 15, 2009 incident in which he alleges that Officer Bailey spit on him and threatened him while he was in Division 11. (Defs.' Stmt. Facts ¶¶ 28, 29.) On April 29, 2009, Padilla received a response to this grievance and did not appeal that response. (*Id*. ¶ 30.) Padilla also filed a grievance regarding the March 16, 2009 incident in Division 6 in which he alleges that Defendant Officers beat him when he would not go in his cell. (*Id*. ¶ 31.) Padilla received a response to this grievance, which he did not appeal. (*Id*. ¶ 33.) Padilla filed no other grievances regarding the

6

events of March 15 and 16, 2009, but he maintains that he filed a grievance in February 2010 alleging that Officer Reed threatened him after he filed the present lawsuit. (*Id*. ¶ 34.) Padilla attaches the February 2010 grievance and denial of the grievance to his response and admits that he did not appeal the denial of this grievance. (R. 63-6, Ex. 3, 2/01/10 Grievance & 2/10/10 Denial.)

Because Padilla did not appeal the denial of his grievances, he did not exhaust his administrative remedies. *See Burrell v. Powers,* 431 F.3d 282, 284 (7th Cir. 2005). Moreover, because Padilla was required to exhaust his administrative remedies before he filed this lawsuit on December 31, 2009, his third grievance dated February 1, 2010 is of no consequence to the Court's exhaustion analysis. *See Jones v. Bock,* 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (PLRA "requires prisoners to exhaust prison grievance procedures before filing suit"). Nevertheless, Padilla argues that the Court should excuse his failure to exhaust because the CCJ has problems with its grievance process. Padilla's argument is belied by the undisputed evidence in the record, namely, that he filed his grievances and the CCJ handled them in a timely manner. (*See* Defs.' Stmt. Facts ¶¶ 28, 29, 31, 33.) In addition, Padilla's argument that the denial of his grievances did not explain how to file an appeal is equally unavailing because it is well-settled that "[i]n order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). Thus, it was incumbent upon Padilla to follow the grievance procedures as discussed in the inmate handbook that is given to every CCJ detainee. *See Thompson v. Dart,* No. 09 C 6854, 2011 WL 2038737, at *5 (N.D. Ill. May 24, 2011); *see also* Defs.' Stmt. Facts ¶ 26. Finally, an inmate's belief that exhaustion would be futile is not an exception to his duty to exhaust under

7

Section 1997e(a). *See Fletcher v. Menard Corr. Ctr.,* 623 F.3d 1171, 1173 (7th Cir. 2010). As such, Padilla has not presented evidence establishing a genuine dispute as to any material fact concerning his failure to exhaust his claims under the PLRA prior to bringing this lawsuit.

Although Padilla failed to exhaust his claims prior to bringing this lawsuit, the Court turns to the merits of Padilla's claims for the sake of completeness.

## II. Excessive Force Claim – Count I

In Count I of his First Amended Complaint, Padilla alleges an excessive force and failure to protect claim against Defendant Officers based on the March 16, 2009 incident in which he alleges that Defendant Officers beat him up. Although Padilla alleges that Defendant Officers beat him up in his First Amended Complaint and stated the same in his April 16, 2009 grievance, there is no evidence in the record, including the grievance, identifying which officers were allegedly involved in beating him up. (*See* Defs.' Stmt. Facts ¶ 32; Ex. 10, 4/16/09 grievance.) Therefore, Padilla has not established that any of the named Defendant Officers were personally involved in the alleged use excessive force. *Grieveson v. Anderson,* 538 F.3d 763, 776 (7th Cir. 2008) (a "plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions.") (citation omitted). The Court thus grants Defendants' summary judgment motion as to this claim as alleged in Count I.

## III. First Amendment Claims – Counts II and III

### A. Count II

In Count II, Padilla maintains that Defendant Officers' conduct on March 15, 2009 and March 16, 2009 establishes that they retaliated against him for filing his 2008 civil rights lawsuit in violation of the First Amendment. To establish a First Amendment retaliation claim, Padilla

must show that "'(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future'; and (3) a causal connection between the two." *Watkins v. Kasper,* 599 F.3d 791, 794 (7th Cir. 2010) (citation omitted).

First, Padilla has failed to present sufficient evidence establishing a genuine issue of fact that Defendant Officers – except for Officer Bailey – knew that he had filed the 2008 lawsuit. Therefore, Padilla's retaliation claim based on his 2008 lawsuit against these officers fails. *See Thornhill v. Cox,* 113 Fed.Appx. 179, 183, 2004 WL 2348263 (7th Cir. 2004) (unpublished); *see also* Defs.' Stmt. Facts ¶ 10. And, although Padilla provides the Court with a Cook County Department of Corrections Incident Report stating that he was being transferred to another division due to this prior lawsuit, there is no evidence that Defendant Officers read this report. (R. 63, Pl.'s Ex. 4, 3/16/09 Incident Report.)

That leaves Padilla's claim that Defendant Officer Bailey retaliated against him based on the 2008 lawsuit. More specifically, Padilla alleges that Officer Bailey threatened him when he saw Padilla in Division 11 on March 15, 2009. Padilla, however, has failed to properly set forth evidence underlying this First Amendment retaliation claim in his Rule 56.1 Statement of Facts. *See Raymond,* 442 F.3d at 604 ("district courts are entitled to expect strict compliance with Local Rule 56.1.") As such, the Court cannot discern what Officer Bailey said and did that would have deterred Padilla's First Amendment rights. Also, without a factual basis, Padilla cannot establish that there is a causal connection between Officer Bailey's alleged threats and any such deprivation. *See, e.g., Naseer v. Trumm,* No. 11-cv-004, 2011 WL 1749322, at *4 (W.D. Wis. May 6, 2011); *see also Cracco*, 559 F.3d at 632 ("Because of the important function

9

local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules.") (citation omitted). The Court therefore grants Defendants' summary judgment motion as to Count II of the First Amended Complaint.

    **B.    Count III**

In Count III, Padilla alleges that Defendants violated his First Amendment rights by preventing him from filing certain grievances. *See Watkins,* 599 F.3d at 798 ("A prisoner has a First Amendment right to make grievances about conditions of confinement"). Not only is there evidence in the record that Padilla did file grievances based on the March 15 and 16, 2009 incidences, Padilla does not discuss this claim in his response brief. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion amounts to abandonment of claims). Because Padilla has abandoned this claim, the Court grants Defendants' motion for summary judgment as to Count III.

**IV.    Deliberate Indifference Claim – Count IV**

In Count IV, Padilla maintains that Defendants were deliberately indifferent to his serious medical needs. The Eighth Amendment's ban on "'cruel and unusual punishments' requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care." *Minix,* 597 F.3d at 830-31 (citing *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Although the Eighth Amendment applies only to convicted inmates, pretrial detainees, such as Padilla, are entitled to the same protections pursuant the Fourteenth Amendment's due process clause. *See Minix*, 597 F.3d at 831; *Lewis v. Downey,* 581 F.3d 467, 473 (7th Cir. 2009). An inadequate medical care claim

10

requires a plaintiff to fulfill two elements: "(1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk." *Minix,* 597 F.3d at 831. "Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference." *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007).

Padilla argues that after Defendant Officers allegedly beat him on March 16, 2009, he complained about pain in his ear, his back, and his split lip, yet Defendants denied him medical care. Evidence in the record, however, reveals that on March 20, 2009, Dr. Chad Zawitz, an attending physician with Cermak Health Services, examined Padilla. (Defs.' Stmt. Facts ¶ 25.) Dr. Zawitz reported that during his examination of Padilla, he showed no residual signs or evidence of trauma. (*Id.*) Because Padilla was not denied medical treatment, the Court looks to whether the four day delay in treatment exacerbated Padilla's injuries or unnecessarily prolonged his pain. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain."). In his response brief, Padilla admits that by the time he saw Dr. Zawitz four days after Defendants allegedly beat him, his split lip and bruises had subsided. In addition, because Padilla did not introduce "verifying medical evidence that shows his condition worsened because of the delay," his deliberate indifference claims fails. *See Knight,* 590 F.3d at 466. Accordingly, the Court grants Defendants' summary judgment motion as to Count IV of the First Amended Complaint.

## V.  Conspiracy Claim – Count V

In Count V of the First Amended Complaint, Padilla alleges that the individual

11

Defendants conspired to deprived him of his constitutional rights. Padilla's conspiracy claim fails because he has not established any underlying violation of his constitutional rights. *See Cefalu v. Village of Elk Grove,* 211 F.3d 416, 423 (7th Cir. 2000). In other words, because Padilla has not established his excessive force, First Amendment, and deliberate indifference claims, he cannot maintain an action that Defendant Officers conspired to deprive him of these constitutional rights. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions."). Therefore, the Court grants Defendants' summary judgment motion as to Padilla's conspiracy claim as alleged in Count V of the First Amended Complaint.

## VI. Monell Claim – Count VI

In Count VI, Padilla alleges that Defendant Sheriff Dart is liable for the widespread custom and practice of excessive force and ignoring inmates' excessive force grievances. Under Section 1983, a government agency cannot be liable under the theory of respondeat superior. *See Monell,* 436 U.S. at 691 ("municipality cannot be held liable *solely* because it employs a tortfeasor") (emphasis in original). In other words, "units of local government are responsible only for their policies rather than misconduct by their workers." *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007). Thus, to establish liability against Defendant Sheriff Dart, Padilla must show that (1) he suffered a deprivation of a federal right, (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, that (3) proximately caused their constitutional injuries. *See Ovadal v. City of Madison,* 416 F.3d 531, 535 (7th Cir. 2005).

As discussed above, Padilla has failed to establish that he suffered a deprivation of a

12

federal right, and thus there is no basis for Defendant Sheriff Dart's liability. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."); *see also Marion v. City of Corydon, Ind.,* 559 F.3d 700, 706 (7th Cir. 2009). As such, Padilla's *Monell* claim fails and the Court grants Defendants' summary judgment motion as to Count VI of the First Amended Complaint.

**VII. Supplemental Jurisdiction Claims – Counts VII through X**

Padilla bases the following state law tort claims on the Court's supplemental jurisdiction: (1) battery; (2) assault; (3) willful and wanton denial of medical care; and (4) indemnification. *See* 28 U.S.C. § 1367(a).

**A. Battery Claim – Count VII**

In Count VII of his First Amended Complaint, Padilla brings a battery claim against Defendant Officers based on the same allegations as his excessive force claim. Because Padilla has not set forth sufficient evidence of the identities of the officers who allegedly beat him up, his battery claim against them fails. Padilla also brings a battery claim against Officer Bailey based on Officer Bailey spitting on him. Padilla, however, has not properly set forth evidence in his Rule 56.1 Statement that Officer Bailey spit on him in the first instance and he cannot rely on conclusory allegations to survive summary judgment. *See also Long v. Teachers' Retirement Sys. of Ill.,* 585 F.3d 344, 349 (7th Cir. 2009) ("To defeat a motion for summary judgment, the nonmoving party must present more than just 'bare allegations.'") (citation omitted). Therefore, the Court grants Defendants' summary judgment in this respect.

13

### B. Assault – Count VIII

Padilla further alleges that Officer Bailey is liable for assault when he threatened him on March 15, 2009. Under Illinois tort law, assault involves intentional conduct that places the plaintiff in reasonable apprehension of an imminent battery. *See McNeil v. Carter,* 318 Ill.App.3d 939, 944, 252 Ill.Dec. 413, 742 N.E.2d 1277 (Ill. 2001); *Parrish by Bowker v. Donahue,* 110 Ill.App.3d 1081, 1083, 66 Ill.Dec. 860, 443 N.E.2d 786 (Ill. 1982); *see also Kijonka v. Seitzinger,* 363 F.3d 645, 647 (7th Cir. 2004).

Padilla testified that Officer Bailey stated: "All I have to do is pick up the phone and I still can have you reached out and touched." (R. 63, Pl.'s Local Rule 56.1 Stmt. Facts. ¶ 5.) Padilla does not present any other evidence in his Rule 56.1 Statement concerning the nature of Officer Bailey's threats. The Court would be hard-pressed to conclude that Officer Bailey's vague comment about reaching out and touching Padilla amounts to the common law tort of assault. *See Kijonka,* 363 F.3d at 647 ("A merely verbal threat of indefinite action in the indefinite future is not an assault"). The Court therefore grants Defendants' summary judgment motion as to Padilla's assault claim alleged in Count VIII.

### C. Willful and Wanton Denial of Medical Care – Count IX

Next, Padilla alleges that Defendant Officers are liable for the willful and wanton denial of medical care. Because Padilla has failed to present evidence that he was in need of immediate medical care, this claim is without merit. *See Luss v. Village of Forest Park,* 377 Ill.App.3d 318, 337, 316 Ill.Dec. 169, 185-86, 878 N.E.2d 1193, 1209-10 (Ill. 2007). In other words, because Padilla has failed to establish his deliberate indifference claim, this state law claim also fails. *See Williams v. Rodriguez,* 509 F.3d 392, 404-05 (7th Cir. 2007) (willful and wanton standard

"remarkably similar" to the deliberate indifference standard). The Court therefore grants Defendants' summary judgment motion as to this claim alleged in Count IX.

### D. Indemnification – Count X

Because Padilla has not established his state law claims against Defendants, there is no basis for his indemnification claim. *See* 55 ILCS 5/5-1002. Therefore, the Court grants Defendants' summary judgment motion as to Padilla's indemnification claim in Count X.

### CONCLUSION

For the these reasons, the Court grants Defendants' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(b). The Court also grants in part Defendants' motion to strike Padilla's statement of material facts.

**Date:** July 25, 2011

            ENTERED

            _____
            **AMY J. ST. EVE**
            **United States District Court Judge**